IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) ) | **ORDER DENYING SEVERANCE** |
| vs. | ) ) | |
| Kelly Dean Overby, | ) ) | Criminal Case No. 3:06-cr-132-05 |
| Defendant. | ) ) | |

Before the Court is Defendant's motion to sever trial (Doc. #74). The government filed a response opposing severance (Doc. #83). At a February 7, 2007 status conference, Defendant waived oral argument on this matter.

Generally, people jointly indicted on similar evidence from the same or related events should be tried together. United States v. Lara, 891 F.2d 669, 671 (8th Cir. 1989). In fact, in the case of conspiracy, it is rarely, if ever, improper to try co-defendants jointly. United States v. Drew, 894 F.2d 965, 968 (8th Cir. 1990). The Court may, however, sever one or more defendants jointly indicted if consolidation for trial appears to prejudice a party. Fed. R. Crim. P. 14(a). The Eighth Circuit recently explained:

> Fed. R. Crim. P. 14(a) entrusts the decision of whether codefendants should be severed to the sound discretion of the trial judge. Where multiple defendants are charged in the same indictment, there is a preference for a joint trial unless the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice. Such a likelihood may be demonstrated by showing either that the jury cannot be expected to compartmentalize the evidence with respect to different defendants due to a "prejudicial spillover effect" between the cases against them, or that one defendant's defense conflicts with that of another and that the jury is likely

1

> to infer from this conflict alone that both are guilty. Merely showing that a separate trial would increase the likelihood of acquittal is not sufficient.

United States v. Boone, 437 F.3d 829, 837 (8th Cir. 2006). Here, Defendant alleges severance is warranted on two grounds. First, he argues that firearms will be introduced at trial, despite the fact that he is not alleged to have used firearms. This, he argues, will prejudice the jury's decision of his guilt or innocense. Second, he argues that because his spouse is expected to testify at trial, severance is required or she may not be compelled to testify. United States v. Bad Wound, 203 F.3d 1072, 1075 (8th Cir. 2000) (explaining that a person may not be compelled to testify nor foreclosed from testifying against his or her spouse).

The government has conceded that the evidence of the shooting is prejudicial, but it argues its prejudice is outweighed by its probative value. The Court agrees. Defendant is directly tied to evidence supporting the firearm allegations. Though he may not be implicated in the actual shooting, that evidence directly supports his involvement in the conspiracy, notably his involvement immediately after the shooting. It appears to the Court that the evidence regarding the shooting will be relevant whether Defendant is tried jointly with his co-defendants or severed.

The government argues that severance is not warranted on the grounds that Defendant's wife is expected to testify because a) she may not be Defendant's legal spouse and b) the testimony is expected to be voluntary. The Court was not presented with any evidence, affidavit, or other documentation tending to show the presence or absence of a legal marriage between Defendant and Ms. Wicks. However, assuming the marriage is, in fact, legal at the time of trial, Ms. Wicks may testify only voluntarily. See Bad Wound, 203 F.3d at 1075. If her testimony must be compelled, Defendant must be severed.

The Court concludes that Defendant has failed to show that there is a clear likelihood that he will suffer prejudice if tried jointly with his alleged co-conspirators.  Therefore, his motion for severance is **DENIED.**

**IT IS SO ORDERED**.

Dated this 14th day of February, 2007.

    /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court